UNITED STATES v. VANDEGRIFT.

(Circuit Court of Appeals, First Circuit. December 7, 1905.)

No. 611 (suit 1,571).

1. CUSTOMS DUTIES—CLASSIFICATION—SHEARED SHAPES—STEEL PLATES.

　　As to steel plates changed from the usual form by being cut at a slight variation from a right angle, for a special purpose and not for evasion, *held* that they are provided for in Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 135, 30 Stat. 161 [U. S. Comp. St. 1901, p. 1638], enumerating "sheared * * * shapes" of steel and "plates and steel in all forms and shapes not specially provided for," rather than in paragraph 126, 30 Stat. 159 [U. S. Comp. St. 1901, p. 1637], enumerating "boiler, or other plate iron or steel * * * sheared or unsheared."

Appeal from the Circuit Court of the United States for the District of Massachusetts.

For decision below, see 139 Fed. 790, in which the Circuit Court reversed a decision of the Board of United States General Appraisers, which had affirmed the assessment of duty by the collector of customs at the port of Boston.

Melvin O. Adams, U. S. Atty., and William H. Garland, Asst. U. S. Atty.

Charles P. Searle (C. E. Pillsbury, on the brief), for the importers.

Before COLT, PUTNAM, and LOWELL, Circuit Judges.

PUTNAM, Circuit Judge. This appeal turns on a question of classification under the customs act of 1897. The importation is described by the United States as "quadrilateral plates of steel, one fourth of an inch thick, and 154 inches by 156 inches by 62½ inches by 63¼ inches in the other dimensions." It will be noticed that this is a trapezium, with each of its lines different from every other line. It occurs at once that this is not the ordinary form in which steel plates are put on the market, and, therefore, that it is not the ordinary form of importations of steel plates. That the peculiar shape of the plates in question was not for evasion is evident, because the waste necessarily involved in reducing them to the ordinary merchantable form would be disproportionate, and also from the nature of the special purpose for which they were in this instance imported. In fact, as said by the learned judge who disposed of the case in the Circuit Court (139 Fed. 790, 791), the importation was "sheets of steel, admittedly cut to a specific shape according to a sketch, and for a special purpose." Under these circumstances, the question is between paragraph 126 of the act of 1897 and paragraph 135 of the same act. Act July 24, 1897, c. 11, § 1, Schedule C, 30 Stat. 159, 161 [U. S. Comp. St. 1901, pp. 1637, 1638]. It is not necessary that we should quote those paragraphs at length, or do more than state the fact that paragraph 126 specifies "boiler or other plate iron or steel," "sheared or unsheared," while paragraph 135 specifies "pressed, sheared or stamped shapes," and "sheets and plates and steel in all forms and shapes not specially provided for in this act." The Circuit Court held that the

importation should be classified under paragraph 135, as claimed by the importer. We hold that the conclusion of the Circuit Court was correct, and that its opinion states the proper reasons therefor; so that we have no occasion to add to it.

The decree of the Circuit Court is affirmed.