### HILL v. R. D. WOOD & CO.

(Circuit Court of Appeals, Third Circuit. June 18, 1908.)

No. 18 (1,699).

CUSTOMS DUTIES—CLASSIFICATION—"PLATES"—"PLATE STEEL."

Thin, checkered, steel plates about 12 by 5 feet, specially adapted for use in the construction of floors for boiler rooms, are dutiable as steel "plates," under Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 135, 30 Stat. 161 (U. S. Comp. St. 1901, p. 1638), rather than as "plate * * * steel," under paragraph 126, 30 Stat. 159 (U. S. Comp. St. 1901, p. 1637).

Buffington, Circuit Judge, dissenting.

Appeal from the Circuit Court of the United States for the Eastern District of Pennsylvania.

Jasper Yeates Brinton, Asst. U. S. Atty. (J. Whitaker Thompson, U. S. Atty., on the brief), for appellant.

Comstock & Washburn (J. Stuart Tompkins, of counsel), for appellee.

Before DALLAS, GRAY, and BUFFINGTON, Circuit Judges.

DALLAS, Circuit Judge. This is an appeal by the collector of customs for the port of Philadelphia from an adjudication of the Circuit Court of the United States for the Eastern District of Pennsylvania, respecting the classification of certain merchandise imported by R. D. Wood & Co. during the month of April, 1904. This importation consisted of steel plates measuring 12 feet by 59 inches and 5/16 inch thick, which the collector assessed at six-tenths of one cent per pound, under paragraph 126 of the Tariff Act of July 24, 1897 (chapter 11, § 1, Schedule C, 30 Stat. 159 [U. S. Comp. St. 1901, p. 1637]). The appellee protested that they were dutiable at the rate of four-tenths of one cent per pound, under paragraph 135 of that act. The Board of General Appraisers sustained this protest, and the Circuit Court affirmed that ruling.

The two paragraphs of the tariff act which have been referred to are as follows:

"Par. 126. Boiler or other plate iron or steel, except crucible plate steel and saw plates hereinafter provided for, not thinner than number ten wire gauge, sheared or unsheared, and skelp iron or steel sheared or rolled in grooves, valued at one cent per pound or less, five-tenths of one cent per pound; valued above one cent and not above two cents per pound, six-tenths of one cent per pound; valued above two cents and not above four cents per pound, one cent per pound; valued at over four cents per pound, twenty-five per centum ad valorem; Provided, that all sheets or plates of iron or steel thinner than number ten wire gauge shall pay duty as iron or steel sheets."

"Par. 135. Steel ingots, cogged ingots, blooms, and slabs, by whatever process made; die blocks or blanks; billets and bars and tapered or beveled bars; mill shafting; pressed, sheared, or stamped shapes; saw plates, wholly or partially manufactured; hammer molds or swaged steel; gun-barrel molds not in bars; alloys used as substitutes for steel in the manufacture of tools; all descriptions and shapes of dry sand, loam, or iron-molded steel castings; sheets and plates and steel in all forms and shapes not specially provided for in this act, all of the above valued at one cent per pound or less, three-tenths of one cent per pound; valued above one cent and not above one

and four-tenths cents per pound, four-tenths of one cent per pound; valued above one and four-tenths cents and not above one and eight-tenths cents per pound, six-tenths of one cent per pound; valued above one and two-tenths cents per pound, seven-tenths of one cent per pound; valued above two and two-tenths cents and not above three cents per pound, nine-tenths of one cent per pound; valued above three cents per pound and not above four cents per pound, one and two-tenths cents per pound; valued above four cents and not above seven cents per pound, one and three-tenths cents per pound; valued above seven cents and not above ten cents per pound, two cents per pound; valued above ten cents and not above thirteen cents per pound, two and four-tenths cents per pound; valued above thirteen cents and not above sixteen cents per pound, two and eight-tenths cents per pound; valued above sixteen cents per pound, four and seven-tenths cents per pound."

The pieces or parts involved in this case were intended for use in the construction of the floor of a boiler or engine room, and were especially adapted to form such a floor. These facts were found by the General Appraisers, and investigation of the entire evidence has convinced us, not only that they were correctly found, but also that the court below was right in accepting the Board's determination that the provision of paragraph 135 for "plates  *  *  *  in all forms and shapes not specially provided for," covered these articles. The question seems to be whether they were steel plates or plate steel, and upon such a question it would be profitless as well as difficult to enlarge. It is enough to say that, although the ingenious and forceful argument of the appellant's counsel has been attentively considered, we have not been persuaded that these goods were not properly classed as steel plates.

The decree is affirmed.

BUFFINGTON, Circuit Judge (dissenting). The importation in this case consisted of checkered plate iron in sheets as they came from the rolls of a plate mill. Such sheets are aptly described in paragraph 126 of the tariff act by the words "boiler or other plate iron." The sheets were rolled abroad to certain dimensions to permit their being, when brought to this country, economically cut into floor plates to fit the galleries, stairs and floor of a municipal pumping plant at Cincinnati. After importation they were cut to such particular shapes as fitted them for floor plates for galleries, stairs, and lower floor and were used as such. Had the sheets been cut to such shapes before importation, or to the particular shapes, as was the case in United States v. Vandergrift, 142 Fed. 448, 73 C. C. A. 564, they would have fallen under paragraph 135; but, being imported in the form of sheets as they came from the rolls, they retained, when imported, their original generic character of sheets of "boiler or other plate iron," and should have been assessed under that section. Because they are not, I dissent.