UNITED STATES v. A. & H. VEITH.

(Circuit Court, S. D. New York. March 29, 1909.)

No. 4,213.

CUSTOMS DUTIES (§ 26*)—CLASSIFICATION—"PRESSED OR STAMPED SHAPES."
    Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 135, 30 Stat. 161 (U. S. Comp. St. 1901, p. 1638), relating to "pressed or stamped shapes," includes steel stampings which have been pressed or stamped into an openwork or raised pattern and are used in manufacturing ornaments, etc.

    [Ed. Note.—For other cases, see Customs Duties, Dec. Dig. § 26.*]

On Application for Review of a Decision of the Board of United States General Appraisers.

The decision below, which is reported as G. A. 6,293 (T. D. 27,131), reversed the assessment of duty by the collector of customs at the port of New York. The opinion filed by the Board of General Appraisers reads as follows:

FISCHER, General Appraiser. The merchandise in question is described on the invoices as "steel ornaments," "steel stampings," and "metal stampings." Duty was assessed thereon at the rate of 45 per cent. ad valorem under the provisions of Tariff Act July 24, 1897, c. 11, § 1, Schedule C, par. 193, 30 Stat. 167 (U. S. Comp. St. 1901, p. 1645), as manufactures of metal; and it is claimed to be dutiable properly "at the appropriate rate for sheared, pressed or stamped shapes" in paragraph 135, 30 Stat. 161 (U. S. Comp. St. 1901, p. 1638).

We find, from the testimony and the samples admitted in evidence, that the articles are produced by being stamped out of a sheet or strip of steel, into meter lengths of open-pattern raised work, simulating "steel-point" work. The sheet is then sheared to the desired width. The resultant is a strip of fancy steel work, which, when cut up, is ready to be sewed on garments or hats. Some of the goods in question have been so cut off and are in the form of individual ornaments.

In G. A. 6,170 (T. D. 26,773) the board held that steel-point ornaments were dutiable under paragraph 193 at 45 per cent., reversing the decision of the collector assessing duty at 60 per cent. under paragraph 434, Schedule N, 30 Stat. 192 (U. S. Comp. St. 1901, p. 1676). In that case, however, there was no claim made under paragraph 135, and hence the point now before us was not passed upon. But there are a number of other adjudicated cases which tend strongly to support the contention of the importers herein, and which are conclusive, in our opinion, in favor of the claim under paragraph 135. In G. A. 5,927 (T. D. 26,061), the prevailing opinion held that steel wool, an article manufactured from steel wire, the latter itself a completely manufactured article, the steel wool being, in the condition imported, a finished product ready for the use to which it is applied, was dutiable under paragraph 135 as steel in all forms and shapes, not specially provided for, as against the government's contention that it was dutiable as manufactures of steel. On appeal this decision was affirmed in the cases of Buehne v. U. S. and U. S. v. Buehne (cross-appeals, C. C.) 140 Fed. 772 (T. D. 26,452), and in so deciding Judge

Townsend cited U. S. v. Binney, 82 Fed. 992, 27 C. C. A. 347, and Boker v. U. S., 97 Fed. 205, 38 C. C. A. 114, as authorities for the proposition that paragraph 135 is a more specific provision than paragraph 193. In the Binney Case small particles of steel, used in sawing stone, were held by the Circuit Court of Appeals to be dutiable as steel in forms. In Morris v. U. S. (C. C.) 140 Fed. 774 (T. D. 25,183), an engraved steel plate used in the manufacture of plate glass was held to be dutiable under paragraph 135; the board's decision holding it to be a manufacture of metal being reversed. In G. A. 5,682 (T. D. 25,296) steel shapes, some flat and some curved, with slotted holes drilled through, were held to be dutiable under paragraph 135 as "plates and steel in all forms, not specially provided for," and no appeal was taken from this decision.

In all these cases the articles were complete as imported—that is, they were finished products. Certainly the reasoning which impelled the courts and the board to classify them under paragraph 135, which it is urged was intended to provide only for merchandise in the nature of material to be made into manufactured goods ready for use, applies much more strongly to the goods before us, which consist of material for the use of manufacturers in fabricating so-called steel-point ornaments, buckles, etc., for attaching to women's wearing apparel. Under the authorities we are constrained to hold that the claim under paragraph 135 has been successfully maintained.

The protests are sustained, and the decision of the collector reversed in each case.

J. Osgood Nichols, Asst. U. S. Atty.

Brooks & Brooks (Frederick W. Brooks, of counsel), for importers.

HOLT, District Judge. Appraisers' decision affirmed.