BRAUN-STEEPLE CO. ET AL. *v.* UNITED STATES (No. 3387)[1]

United States Court of Customs and Patent Appeals, March 2, 1931

*Frank L. Lawrence* (*Martin T. Baldwin* of counsel) for appellants.

*Charles D. Lawrence,* Assistant Attorney General (*William H. Futrell* and *Ralph Folks,* special attorneys, of counsel), for the United States.

*Thomas J. Doherty, amicus curiae.*

[1] T. D. 44683

438

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court.

Merchandise, consisting of sheets of steel about one thirty-second of an inch in thickness, 6 feet in length, and 3 feet in width, in which perforations have been stamped, forming various fancy designs, was assessed for duty by the collector at the port of San Francisco as articles or wares, not specially provided for, composed of steel. wholly or partly manufactured, at 40 per centum ad valorem under paragraph 399 of the Tariff Act of 1922.

PAR. 399. Articles or wares not specially provided for, if composed wholly or in chief value of platinum, gold, or silver, and articles or wares plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 60 per centum ad valorem; if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with platinum, gold, or silver, or colored with gold lacquer, whether partly or wholly manufactured, 40 per centum ad valorem.

The importers protested, claiming the merchandise to be dutiable at 2½ cents per pound as "stamped shapes," or as sheets, plates, or steel, not specially provided for, under paragraph 304, the pertinent part of which reads as follows:

PAR. 304. Steel ingots, cogged ingots, blooms and slabs, by whatever process made; die blocks or blanks; billets and bars, whether solid or hollow; shafting; pressed, sheared, or stamped shapes, not advanced in value or condition by any process or operation subsequent to the process of stamping; hammer molds or swaged steel; gun-barrel molds not in bars; alloys not specially provided for used as substitutes for steel in the manufacture of tools; all descriptions and shapes of dry sand, loam, or iron-molded steel castings; sheets and plates and steel not specially provided for; * * * valued above 8 and not above 12 cents per pound, 2½ cents per pound; * * *

According to the witness, R. C. Steeple, who testified for the importers, the merchandise is produced by introducing sheets of steel into a stamping or punching machine "in which there is a gang punch or die that pierces or stamps in the design made into about 12 inches square; then the piece is automatically placed in another machine until the entire piece is so punched with the exception of the border which is left"; that, with the exception of a border or margin on the sides and ends, varying from one-half to 1 inch in width, the stamped designs appear throughout the sheets; that, after importation, the involved merchandise is cut to shape and form for use in radiator covers, panels in the ends of metal beds, lanterns, lighting fixtures, fire screens, and possibly other articles.

The court below overruled the protest, and the importers appealed to this court.

It is contended by counsel for appellants that the imported articles are stamped shapes of steel; that they have not been advanced in value or condition by any process or operation subsequent to the process of stamping; and that, as they are not finished and ready for use in the condition as imported, they are dutiable under the provision for "stamped shapes" contained in paragraph 304, *supra*. In support of this contention, the following cases have been cited: *In re Vandegrift*, 139 Fed. 790, T. D. 26314, affirmed in 142 Fed. 448, T. D. 26924; *United States* v. *Veith*, 169 Fed. 665, T. D. 29674; *A. & H. Veith* v. *United States*, T. D. 29759, G. A. 6907; Abstract 30908, T. D. 33055; *Kuyper & Co.* v. *United States*, 5 Ct. Cust. Appls. 175, T. D. 34253. It is also claimed by counsel for appellants that, if the merchandise is not dutiable as "stamped shapes," it is, nevertheless, dutiable as sheets, plates, or steel, not specially provided for, under paragraph 304. In support of the latter contention, counsel cited the following cases: *United States* v. *Dudley*, 174 U. S. 670; *Bahnsen & Co.* v. *United States*, 7 Ct. Cust. Appls. 385, T. D. 36962; *Bache & Co.* v. *United States*, 11 Ct. Cust. Appls. 314, T. D. 39129; *United States* v. *National Importing Co.*, 12 Ct. Cust. Appls. 186, T. D. 40169; *United States* v. *Frank*, 15 Ct. Cust. Appls. 97, T. D. 42184.

Counsel for the Government and *amicus curiae* contend that the involved articles are not "stamped shapes," nor sheets, plates, or steel, within the meaning of the provisions of paragraph 304; that they have been produced by stamping sheets of steel *with* various patterns and designs; and that, as the involved articles have been so far processed as to be dedicated to particular uses, they are dutiable as partly-manufactured articles under paragraph 399, as assessed by the collector.

In the case of *United States* v. *A. & H. Veith, supra,* articles produced by being "*stamped out of a sheet* or strip of metal into meter lengths of open-pattern raised work" and sheared to the desired width, and, in their imported condition, ready to be cut to size and form for use as ornaments on garments or hats, were held by the Board of General Appraisers (now United States Customs Court) to be dutiable as "sheared, pressed, or stamped shapes" under paragraph 135 of the Tariff Act of 1897. (Italics ours.) On appeal, the board's decision was quoted in full and its judgment affirmed without discussion by the Circuit Court, Southern District, New York. In its decision the board referred to several cases in which it had been held that finished articles of steel were dutiable under the provision for "pressed or stamped shapes," contained in paragraph 135, *supra*.

Without intending to be understood as expressing an opinion as to the soundness of the conclusion in that case, it is sufficient to say that the articles there involved *were stamped out of sheets of steel,* whereas, in the case at bar, the imported articles were not stamped out of sheets of steel, but, on the contrary, are sheets of steel which, by being stamped *with* various designs, have been advanced in condition for their intended commercial uses.

Furthermore, in the case of *Lunham & Moore* v. *United States,* 2 Ct. Cust. Appls. 1, T. D. 31569, this court held that articles of steel which had been subjected to shearing, stamping, and pressing processes, and, when enameled, ready to be joined with other necessary parts to form finished articles of enameled ware, were more aptly described in paragraph 193 of the Tariff Act of 1897 as "articles or wares" composed of steel, whether wholly or partly manufactured, than in paragraph 135 of that act, as pressed, sheared, or stamped shapes, or as steel in all forms and shapes.

In the case of *United States* v. *Frank, supra,* this court referred to the *Lunham & Moore* case, *supra,* and other authorities on the subject, and held that paragraph 304, *supra,* was intended to provide for materials for further manufacturing processes and not for completely manufactured products.

In view of the fact that the decision in the case of *United States* v. *Veith, supra,* was based largely, if not entirely, upon certain decisions holding that finished articles were dutiable under the provision in paragraph 135 of the act of 1897, for "pressed or stamped shapes," it is evident that the principles upon which that decision was based have been repudiated by this court.

A discussion of all of the cases cited by counsel for appellant would unnecessarily extend this opinion. We may say, however, that we have given them careful consideration and that, in our opinion, they do not support the contentions of counsel.

The involved articles consist of sheets of steel which have been further processed and advanced in condition for particular commercial uses. They are not mere sheets, plates, or steel, not specially provided for, nor are they stamped shapes. On the contrary, they are steel sheets in which, by a stamping or punching process, various fancy designs have been formed. They are, therefore, articles wholly or partly manufactured, and dutiable under paragraph 399. *Lunham & Moore* v. *United States, supra.*

For the reasons stated, the judgment is *affirmed.*